Filed 5/26/15  Carrick v. County of Santa Cruz CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| PAUL M. CARRICK,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>COUNTY OF SANTA CRUZ,<br><br>    Defendant and Respondent. | H040261<br>(Santa Cruz County<br>Super. Ct. No. CV158731) |

Paul M. Carrick, in propria persona, appeals from the trial court's order confirming the authority of Santa Cruz County (County) to abate eight illegal structures located on his two adjoining parcels of land.  This is the latest in a series of appeals filed by Carrick arising from the same civil action.

For reasons we explain below, we affirm the judgment.  Several of Carrick's substantive arguments could have been raised in his prior appeal taken from the trial court's April 2010 amended judgment declaring the structures nuisances.  Additionally, Carrick's briefs do not follow the relevant rules of court governing the standards for appellate briefing, waiving some of his claims.  Lastly, even if we were to reach the merits of his contentions, we find no error with the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Carrick owned two parcels of land adjacent to Summit Road in Los Gatos, California. Since at least April 2006, Carrick had eight buildings constructed on his land illegally without the necessary permits. The County issued him a County Code violation notice in December 2006. Despite the violation notice, Carrick continued to maintain the units, which were later deemed public nuisances.

In November 2007, the County filed a complaint against Carrick seeking a permanent injunction that would, in part, either mandate the demolition of the illegal structures or require Carrick to obtain the licenses required to legally maintain the units.

Carrick filed a cross-complaint, seeking to compel the County to rescind its April 2006 violation notice that was recorded in December 2006. His cross-complaint alleged numerous causes of action challenging the County's recordation of the notice violation and the County's code enforcement program.

In October 2009, the County filed a motion to compel discovery responses from Carrick and requested monetary sanctions. The County sought information regarding rental agreements for the structures. The trial court conducted a hearing on the County's motion to compel. After the hearing, the court ordered Carrick to provide the County with copies of rental agreements and to pay a $1,000 sanction.

The following month, the trial court held a default prove-up hearing on the County's complaint. Afterwards, a court trial was held on Carrick's amended cross-complaint.

---

[1] Some of the background facts in this case are taken from Carrick's prior appeals. (See *County of Santa Cruz v. Carrick* (Apr. 18, 2011, H035505) [nonpub opn.]; *Carrick v. County of Santa Cruz* (Apr. 18, 2011, H035841) [nonpub opn.].) On our own motion, we take judicial notice of these two prior opinions.

On February 25, 2010, a default judgment was filed against Carrick on the County's complaint. The trial court held that Carrick had "wrongfully and unlawfully constructed, maintained, and/or converted eight illegal units without permits and in violation" of Santa Cruz County Code sections 1.12.070, 13.10.140, subdivision (a), and 13.10.279, subdivisions (a) and (b), and former County Code section 12.10.125, subdivisions (a) and (q). The Court found the notices of violation were posted on Carrick's property, and the April 2006 notice was properly recorded.

Thereafter, the court issued a permanent injunction requiring Carrick to vacate the units and to either (1) demolish the units and obtain the necessary permits, inspections, and approvals required for the demolition or (2) legalize the units by obtaining the necessary permits, inspections, and approvals. He was also required to "[l]egalize and stabilize the grading OR restore the property and obtain the required permits, inspections and approvals." Carrick was ordered to submit applications to correct his violations by June 30, 2010.

On February 25, 2010, the trial court issued a written, tentative statement of decision on Carrick's amended cross-complaint. The court found Carrick had failed to introduce evidence on a number of his allegations, and he ultimately had not prevailed on any of his theories. Therefore, the court determined the County was entitled to a judgment dismissing Carrick's writ of mandamus and complaint for declaratory relief.

The following month, Carrick filed a motion to vacate and set aside the default and the default judgment entered against him. A few days later, on March 30, 2010, the trial court filed a statement of decision on Carrick's amended cross-complaint, which was substantially the same as its prior tentative statement of decision from February. The County was directed to submit a proposed judgment consistent with the statement of decision.

3

On April 9, 2010, Carrick filed a notice of appeal, which was the subject of our unpublished decision in *County of Santa Cruz v. Carrick* (Apr. 18, 2011 (H035505) [nonpub opn.]). The same day, the amended judgment was filed concerning the County's complaint and Carrick's amended cross-complaint.

The substance of the amended judgment was the same as the default judgment entered on February 25, 2010. The amended judgment granted the County a permanent injunction prohibiting Carrick from maintaining the illegally constructed structures on his land and also required him to either vacate the units or legalize them. The court also declared the units were public nuisances. The amended judgment specified the County had "all of the enforcement options listed in County Code section 19.01.030--including bringing a civil action for injunction, civil penalties, and other appropriate remedies . . . ." The court requested Carrick submit an application to correct the violations by June 30, 2010.

On appeal from the amended judgment, we found in favor of the County on all of Carrick's arguments except one. We determined the County was not authorized to record the April 2006 notice of violation in absence of a statute or court order permitting the recordation. Accordingly, we reversed the amended judgment insofar as it concluded the notice was properly recorded and remanded the matter to the trial court. On remand, we directed the trial court to delete any finding it made to support its conclusion the recordation was proper and granted Carrick's petition for writ of mandate to the extent it sought to compel the County to expunge the April 2010 notice of violation. We filed our opinion on April 18, 2011. (*County of Santa Cruz v. Carrick* (Apr. 18, 2011, H035505) [nonpub opn.].) That same day, we filed our decision from Carrick's separate appeal from a postjudgment order awarding the County attorney fees and code enforcement costs. (*Carrick v. County of Santa Cruz* (Apr. 18, 2011, H035841) [nonpub opn.].) Due to our reversal of the amended judgment and grant of Carrick's petition for writ of

4

mandate in case No. H035505, we reversed the order awarding the County fees and costs in case No. H035841.

On February 8, 2013, the trial court granted the County's request to appoint a receiver, which Carrick opposed. The parties were ordered to submit their nominations for receiver on or before March 18, 2013.

The same month, Carrick filed a motion to stay the execution of the order appointing the receiver and moved to vacate the order appointing the receiver. The County opposed both motions. The trial court denied Carrick's request for a stay and found Carrick's motion to vacate both untimely and unmeritorious. The trial court approved the County's nomination of Annette Whelan to be the receiver and ordered Carrick to deposit $25,000 with her.

On March 7, 2013, Carrick filed an ex parte peremptory challenge to the Honorable Rebecca Connolly, which was denied as untimely.

On April 12, 2013, the County requested that the trial court set an order to show cause hearing for the following month, because Carrick had failed to comply with the court's earlier order requiring him to deposit $25,000 with the receiver. The court set the hearing and also considered and rejected Carrick's various arguments in opposition, including his claim that he had removed the case to federal court.

On May 13, 2013, Carrick failed to appear at the court hearing as ordered. The court found he had failed to deposit $25,000 with the receiver and declared him to be in contempt. Sanctions of $1,000 were imposed, and Carrick was ordered to pay the County $675 in attorney fees. The court set the matter for a status of compliance hearing on June 17, 2013, and ordered Carrick to be personally present at the hearing.

Carrick appeared at the June 17, 2013 hearing. During that hearing, the court set an order to show cause hearing for July 19, 2013. On July 19, 2013, the court heard argument from the parties and continued the matter to September 9, 2013. The court

5

directed Carrick to provide proof of his attempts to secure a loan or to sell the property and directed the County to file a brief addressing the authority of the court to order the sale of real property. The following month, Carrick filed a motion to dismiss, which the court denied as untimely.

On September 9, 2013, the County filed a motion for an order confirming its authority to abate the nuisances on Carrick's property and to assess the costs. Carrick filed an opposition.

On October 7, 2013, the court granted the County's motion. The trial court directed Carrick to remove all personal property from the structures and ordered that the County could begin abatement of Carrick's Summit Road property beginning on December 1, 2013. Any remaining personal property could be destroyed as deemed appropriate, and Carrick was directed to refrain from interfering with the County's efforts. Carrick appealed.[2]

## DISCUSSION

On appeal from the court's order confirming the County's authority to abate the nuisances and to assess costs, Carrick raises numerous arguments. In part, he argues the County erred when it required him to obtain permits on "homesteads that were already permitted by the United States government." He also argues the court should not have confirmed the County's authority to abate the structures when the amended judgment ordered Carrick to demolish the buildings himself, and the court failed to follow proper procedures regarding the abatement.

Before we address the merits of his arguments on appeal, we address three threshold issues: (1) Carrick's motion to augment the record, which we deferred to

---

[2] On December 19, 2013, Carrick filed an amended petition for writ of supersedeas seeking to stay the abatement order. This court denied the petition on January 13, 2014.

6

consider with his appeal, (2) whether the order appealed from is in fact an appealable order, and (3) whether Carrick complied with the relevant California Rules of Court in preparing his appellate briefs.

1. *Motion to Augment*

On July 9, 2014, after briefing in this case was complete, Carrick filed a motion to augment the record with the reporter's transcript of the trial court proceedings held on November 6, 2009.

California Rules of Court, rule 8.130(a)(1)[3] provides that a party may file a motion to augment a record to include a certified transcript of oral proceedings not designated under rule 8.130. The documents attached to Carrick's motion to augment are not originals or certified copies of the reporter's transcript from the trial court proceedings held in November 2009. Therefore, we deny his motion to augment and construe his motion as a request for judicial notice. We take judicial notice of the materials filed with Carrick's motion to augment. (Evid. Code, §§ 452, subd. (d), 459.)

2. *Appealability*

It is well-settled that "if an order is appealable, appeal must be taken or the right to appellate review is forfeited." (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 761, fn. 8.) California law mandates that if an appeal is taken pursuant to Code of Civil Procedure sections 904.1 or 904.2, a reviewing court may consider any intermediate ruling, proceeding, order, or decision implicating the merits or affecting the judgment or order that is appealed. (Code Civ. Proc., § 906.) However, a reviewing court is not authorized to review an order or decision from which an appeal might have been taken. (*Ibid.*)

---

[3] Unspecified rule references are to the California Rules of Court.

The amended judgment, which found the structures on Carrick's property to be nuisances, was the subject of the earlier appeal in this case and was taken from an appealable judgment. "Where an order after an appealable judgment simply leaves the judgment intact and neither adds to nor subtracts from it, the order is not appealable." (*City of Carmel-by-the-Sea v. Board of Supervisors* (1982) 137 Cal.App.3d 964, 971.) In other words, "the issues raised by the appeal from the [postjudgment] order must be different from those arising from an appeal about the judgment." (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651.) " 'The reason for this general rule is that to allow the appeal from [an order raising the same issues as those raised [in the earlier] judgment] would have the effect of allowing two appeals from the same ruling and might in some cases permit circumvention of the time limitations for appealing from the judgment.' " (*Ibid*.) "But where the order relates to enforcement of a judgment, it is appealable." (*City of Carmel-by-the-Sea v. Board of Supervisors*, *supra*, at p. 791.)

Therefore, to the extent the order appealed from here--the order confirming the County's authority to abate the nuisances and to assess costs--relates to the enforcement of the April 9, 2010 amended judgment, it is appealable. However, Carrick is prohibited from making collateral attacks on the amended judgment. His arguments that the trial court erred in declaring the structures on his parcels nuisances and requiring him to obtain permits, which are based on various legal theories such as the Homestead Act, Civil Code section 3482, and Health and Safety Code section 17922, are forfeited. These claims could have been raised in his prior appeal from the amended judgment. (*Rios v. Allstate Ins. Co.* (1977) 68 Cal.App.3d 811, 818 ["A collateral attack is one to prevent enforcement of a judgment or to defeat rights acquired under it."].)

On the other hand, Carrick's arguments pertaining to the enforcement of the amended judgment, such as the County's authority to abate the nuisances and assess costs, are not forfeited. These issues could not have been raised in the prior appeal.

8

3. *Carrick's Appellate Brief*

Although Carrick has not forfeited all of the arguments he raises now on appeal, we find his appellate brief to be largely lacking in form, contravening the requirements set forth in the California Rules of Court.

A fundamental rule of appellate review is the appealed judgment is presumed to be correct, and "[a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) The burden is on the appellant to overcome this presumption of correctness and to affirmatively demonstrate the existence of an error.

California Rules of Court provide that "[e]ach appellant must serve and file an appellant's opening brief." (Rule 8.200(a)(1).) That brief must "[s]tate each point under a separate heading or subheading summarizing the point, . . . support each point by argument and, if possible, by citation of authority; and . . . [s]upport any reference to a matter in the record by a citation to the . . . record where the matter appears. . . ." (Rule 8.204(a)(1)(B)-(C).)

Therefore, a brief must contain reasoned argument and legal authority to support its contentions or the court may treat the claim as waived. (Rule 8.204(a)(1)(B); *People v. Stanley* (1995) 10 Cal.4th 764, 793.) That a party is in propria persona does not excuse noncompliance with these requirements. (See *Stokes v. Henson* (1990) 217 Cal.App.3d 187, 196.) This is because "[i]ssues do not have a life of their own: if they are not raised or supported by argument or citation to authority, we consider the issues waived." (*Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99.)

In this case, there are several fundamental flaws with Carrick's briefs on appeal.

First, Carrick's 37-page opening brief contains almost no record citations, except for a few citations to the reporter's transcript solely located on one page of his brief. "We

9

are not required to search the record to ascertain whether it contains support for [plaintiff's] contentions." (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545.) Where no record references are made we may treat a point as waived and pass it without consideration. (*Troensegaard v. Silvercrest Industries, Inc.* (1985) 175 Cal.App.3d 218, 229.)

Second, many of Carrick's contentions on appeal are not supported with well-reasoned argument and citation to relevant legal authority. Several paragraphs of Carrick's brief simply list through purported errors made by the trial court. For example, in one section of his brief Carrick goes through a laundry list of omissions he claims the trial court made, such as failing to consider the County's motive to obtain revenue by building permits and failing to require the County to provide evidence of its "claimed contracts with [Carrick] before it overturned his protests of denial of jury trial [*sic*]." However, by making only bare assertions, Carrick does not satisfy his burden as an appellant. He does not support his claims with reasoned arguments and citations to the relevant legal authorities. It is not our role as the appellate court to construct Carrick's claims for him. (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.)

Third, it appears that portions of Carrick's opening brief reference matters that are outside the appellate record. (Rule 8.204(a)(2)(C) [appellant's opening brief must provide a summary of significant facts limited to matters in the record on appeal].) For example, Carrick claims his property is derived from chains of title that can be traced to the Homestead Act of 1862. However, he does not provide any citations to support this argument, nor does there appear to be any documents pertaining to the property's chain of title in the current record.

In our view, Carrick has therefore either forfeited his arguments by failing to raise them in the prior appeal arising from the amended judgment, or he has waived them due

to his failure to provide this court with reasoned argument supported with relevant legal citations and pertinent citations to the record.

Additionally, even if we were to exercise our discretion to review some of his more developed contentions on appeal (rule 8.204(e)(2)(C)), we would nonetheless conclude his claims have no merit.

4. *The County's Authority to Abate the Nuisances*

First, Carrick argues the County lacks authority to abate nuisances absent strict compliance with certain statutory procedures.

The order confirming the County's authority to abate the nuisance was a discretionary decision made by the trial court and is therefore subject to an abuse of discretion standard of review. We will not "disturb the exercise of a trial court's discretion unless there has been a miscarriage of justice . . . '[d]iscretion is abused whenever, in its exercise, the court exceeds the bounds of reason, all of the circumstances before it being considered.' " (*Denham v. Superior Court*, *supra*, 2 Cal.3d at p. 566.)

Carrick maintains the court lacked the authority to order abatement of the nuisances on his property under Government Code section 25845, which provides in pertinent part: "The board of supervisors, by ordinance, may establish a procedure for the abatement of a nuisance. The ordinance shall, at a minimum, provide that the owner of the parcel, and anyone known to the board of supervisors to be in possession of the parcel, be given notice of the abatement proceeding and an opportunity to appear before the board of supervisors and be heard prior to the abatement of the nuisance by the county. However, nothing in this section prohibits the summary abatement of a nuisance upon order of the board of supervisors, or upon order of any other county officer authorized by law to summarily abate nuisances, if the board or officer determines that the nuisance constitutes an immediate threat to public health or safety." (Gov. Code, §

11

25845, subd. (a).) In sum, Government Code section 25845 sets forth an administrative process by which a county or other government entity may proceed to abate a nuisance.[4]

However, that is not the only process by which abatement can commence. Civil Code section 3494 provides that "[a] public nuisance may be abated by any public body or officer authorized thereto by law." Additionally, Code of Civil Procedure section 731 provides that "[a] civil action may be brought in the name of the people of the State of California to abate a public nuisance, as defined in section 3480 of the Civil Code, by the district attorney or county counsel of any county in which the nuisance exists, or by the city attorney of any town or city in which the nuisance exists. . . ." Therefore, the County was authorized to abate the nuisances by a civil action. (See *Perepletchikoff v. City of Los Angeles* (1959) 174 Cal.App.2d 697, 699 ["The city has power, aside from the municipal code, to abate public nuisances."].)

Carrick argues that the trial court should not have ordered the abatement, because the amended judgment ordered *him* to demolish the structures. However, " '[n]o argument or citation of authorities is needed for the proposition . . . that . . . a nuisance may be ordered abated by the demolition of the offending structure if the nuisance which it creates cannot be otherwise abated.' " (*People v. Wheeler* (1973) 30 Cal.App.3d 282, 295.)

Here, Carrick was given the opportunity to either legalize the structures or demolish the offending buildings himself. Even after the court issued a permanent injunction and sanctioned him for failure to comply with its orders, Carrick chose not to work with the appointed receiver and chose not to ensure the structures complied with the applicable county codes. "The trial court could not force [Carrick] to correct the dangerous conditions on the property. However, the trial court had to abate the nuisance,

---

[4] In its respondent's brief, the County claims that there is a county ordinance that implements the abatement process outlined in Government Code section 25845.

12

and this included the power to order the buildings demolished if the nuisance was not otherwise abated. To hold that the trial court did not have the power to order that the buildings be demolished would be to say that the court has the power to abate a nuisance, but it does not have the power to enforce the order of abatement." (*People v. Wheeler*, *supra*, 30 Cal.App.3d at pp. 295-296.) The County had the authority to abate a nuisance by a civil action, which it appears to have done by filing a motion with the court. There was no error.

We also reject Carrick's argument that the order confirming the County's authority to abate the nuisance was vague. The trial court's order is clear. It requires Carrick to remove his personal property from the subject property by December 1, 2013, the date the County was authorized to begin abatement.

Lastly, Carrick claims the County's abatement process deprives him of his due process rights. He argues the court should conduct a separate trial where he has the right to be heard.

" 'Although it is elementary that an owner of property has no constitutional right to maintain [the property] as a public nuisance, it is equally elementary that he has a clear constitutional right to have it determined by due process whether in fact and law [the property] is such a nuisance.' " (*Leppo v. City of Petaluma* (1971) 20 Cal.App.3d 711, 717.) Therefore, due process requires Carrick to be given the opportunity to contest whether his property *is* a nuisance under the law. Carrick was already given the opportunity to contest this issue, which was decided in the trial court's April 2010 amended judgment.

Additionally, the County is not depriving Carrick of due process. It is not pursuing abatement summarily. Carrick was given proper notice of the County's motion seeking confirmation of its authority to abate the nuisance. The trial court held a hearing

13

on the matter, and Carrick was given the opportunity to respond and to appear in court to present his arguments against abatement.

Under these circumstances, the trial court did not abuse its discretion when it confirmed the County's authority to abate the nuisances.

5. *Abatement Costs*

Carrick also challenges the portion of the trial court's order requiring the costs of abatement incurred by the County be either assessed against him as a personal obligation or assessed against the subject property. Carrick argues that "[l]iens cannot be made against Patented land, only against persons," which we take as a reference to his argument that the subject property can be traced back to a land patent under the Homestead Act of 1862.

Contrary to Carrick's claims, Government Code section 25845, subdivision (b) provides in pertinent part that "[i]n any action to abate a nuisance, whether by administrative proceedings, judicial proceedings, or summary abatement, the owner of the parcel upon which the nuisance is found to exist shall be liable for all costs of abatement incurred by the county, including, but not limited to, administrative costs, and any and all costs incurred in the physical abatement of the nuisance." Furthermore, "[e]qually well recognized is the power of the municipality in such instances to charge the cost of abatement to the property owner and to assess or to make such cost a lien against the property involved." (*Thain v. City of Palo Alto* (1962) 207 Cal.App.2d 173, 189.)

Therefore, the court did not err in concluding the County could charge the costs associated with the abatement to Carrick, or, if necessary, impose a lien on Carrick's property for the amount of the abatement costs.

**DISPOSITION**

The order is affirmed. The County is awarded its costs on appeal.

14

_____
Premo, J.

WE CONCUR:


_____
Rushing, P.J.



_____
Elia, J.