[Civ. No. 1181. Fifth Dist. Sept. 29, 1970.]

WILLIAM H. CARROLL, Plaintiff and Respondent, v.
CIVIL SERVICE COMMISSION OF KERN COUNTY et al.,
Defendants and Appellants.

**COUNSEL**

Ralph B. Jordan, County Counsel, and Dennis N. Reid, Assistant County Counsel, for Defendants and Appellants.

King, Eyherabide, Owen & Anspach and Stephen Eyherabide for Plaintiff and Respondent.

**OPINION**

**COAKLEY, J.**—Respondent Carroll, an employee of Kern County, was discharged for dishonesty by his supervisor, the road commissioner, on March 29, 1967. Carroll had stolen one dollar from the employees' coffee fund. When questioned, he first denied that he had taken the dollar, then

admitted it, making conflicting explanations. Carroll was a 10-year employee of the county with no prior charges of dereliction. He requested and was granted a hearing by the Civil Service Commission. The commission found Carroll guilty of dishonesty and affirmed his discharge. Carroll's position before the commission, basically, was that dismissal would be unreasonable and unduly severe. There is substantial evidence to support the charge and finding of dishonesty. The underlying question, the merits of which we do not reach, is the severity of the penalty.

Carroll instituted mandamus proceedings in the superior court to compel the Civil Service Commission to restore him to his job. A hearing was held and the matter was submitted on the transcript of the proceedings before the commission. The court held that the commission's decision affirming the discharge of Carroll as the penalty for taking one dollar was "an arbitrary and clear abuse of discretion." The judgment dated October 10, 1967, directed that: "A preemptory [*sic*] writ of mandate issue commanding respondents to set aside their order affirming the summary dismissal of petitioner by Vernon G. Smith, Kern County Road Commissioner, and commanding respondents to vacate the order of dismissal by Vernon G. Smith, Kern County Road Commissioner, and to redetermine the penalty imposed authorizing said respondents, however, to reexamine all of the evidence and the entire record and to impose a penalty for the taking of the One Dollar that is fair, just and reasonable."

On October 23, 1967, the commission filed timely motions for a new trial and for vacation of the judgment and entry of a new and different judgment. A hearing was held and the motions were denied on November 8, 1967.

On December 4, 1967, the commission met and purported to review the findings and judgment of the court as well as the record of the commission's proceedings which resulted in affirming the road commissioner's discharge of Carroll. The commission thereupon adopted a "Resolution Relating to Re-examination, Verdict, and Decision on Redetermination" in which it declared that discharge "is a fair, reasonable and just penalty to impose upon Mr. Carroll," and concluded by affirming the dismissal. It also authorized payment of $630.24 to Carroll, the "amount equal to the . . . wages and benefits . . . to which . . . Carroll would have been entitled had he been employed . . . as a . . . Road Maintenance Man III during the period November 1, 1967 to December 4, 1967, inclusive."[1]

On February 16, 1968, Carroll's attorney filed a "Declaration . . . in

---

[1]To the extent that the commission asserts that this payment constitutes either compliance with the court's order, or a waiver by or estoppel of Carroll, it is totally without merit and need not be discussed further.

Support of Order to Show Cause in re to Compel Respondents to Comply with Previous Findings of Fact, Conclusions of Law, Judgment and Peremptory Writ of Mandate." An order to show cause was issued, as prayed in the declaration.

A hearing was held before Judge John D. Jelletich, who had presided at the earlier proceeding and who had ordered issuance of the writ. The objections were overruled, and on April 9, 1968, Judge Jelletich made and signed the following order:

"Respondents are ordered to comply with previous findings of fact, conclusions of law, judgment and peremptory writ of mandate.

"The court finds that the above findings of fact, conclusions of law, judgment and peremptory writ of mandate clearly ordered respondent to restore to petitioner the position of employment previously held by petitioner, and on redetermination to impose a penalty which is just and reasonable for the specific charge.

"Respondent elected not to appeal the above orders and now must comply with the order of this court. The redetermination did not restore to petitioner his position of employment. The respondents are ordered to comply.

"Mr. Stephen Eyherabide, attorney for petitioner, is ordered to prepare formal order to be signed by this court."

Pursuant to Judge Jelletich's order, Mr. Eyherabide submitted a more detailed order for the court's signature. It was signed on April 26, 1968, by Judge Walter Osborn, Jr., the presiding judge, because of Judge Jelletich's absence due to an injury. Following his return to duty, Judge Jelletich, on June 3, 1968, signed an order identical to the order signed by the presiding judge in his absence. Meanwhile, on May 15, 1968, the commission appealed from the order signed by the presiding judge.[2] The order signed by Judge Osborn and later by Judge Jelletich directed not only that Carroll be restored to his former position, but that he be restored with "all rights and privileges pertaining to his previous position . . . together with full back pay from March 29, 1967 [date of Carroll's discharge] to the date that petitioner, William H. Carroll, is actually restored to his former position as a heavy equipment operator."

---

[2]No issue is made of the fact that the order of April 26, 1968, appealed from was signed by the presiding judge and not by the judge who heard the matter and who made the oral order on which the written order was predicated. Accordingly, we treat the two orders as one and designate them herein, together, as the second order. The order of October 10 is herein referred to as the first order.

The commission requests this court to reverse (1) the judgment of October 10, 1967, directing the commission to set aside its order dismissing Carroll and to impose a different penalty, (2) Judge Jelletich's orders of April 9 and June 3, 1968, and (3) Judge Osborn's order of April 26, 1968. Reversal is sought upon the grounds that the commission acted within its jurisdiction in affirming the dismissal of Carroll, and, again, when it re-affirmed said dismissal; and, conversely, that the trial court exceeded its jurisdiction when it made its first order (October 10, 1967), and again when it made its subsequent orders, particularly its orders of April 26 and June 3, 1968, directing that Carroll be restored to his position with full back pay and with all rights and privileges pertaining to his former position.

It is also the commission's position that (a) the first order was not a final judgment for the purposes of an appeal; (b) the second order was not limited to enforcing the terms of the first order; rather, that it substantially modified the first order when it ordered not merely that Carroll be restored to his former position but that he be restored with "full back pay" and without "loss of his rights and privileges pertaining to his position"; and, (c) the second order is, therefore, an appealable order.

It is Carroll's position, first, that the court had jurisdiction to hear and determine the issue presented by the petition for a writ of mandate; second, that the first order *expressly* directed the commission to "vacate the order of dismissal . . . ," "to redetermine the penalty . . . ," and "to impose a penalty that is fair, just and reasonable"; third, that, by *necessary implication*, the order directed the commission to restore Carroll to his job, and to fix a penalty less severe than dismissal; fourth, that because there was no appeal from the first order or judgment it became final on December 8, 1967, 30 days after entry of the order denying the commission's motion for a new trial. (Cal. Rules of Court, rule 3(a).) We concur with each of Carroll's contentions as to the first order, and we now proceed to discuss them. We shall discuss later herein the position of the parties with respect to the second order.

It is difficult to understand how, in good faith, the commission could have interpreted the court's order of October 10, 1967, in the manner it did. ■ As Carroll correctly contends, that order, by clear implication, if not expressly, required that Carroll be restored to his job and a penalty less severe than dismissal be imposed. ■ The court properly refrained from fixing or even suggesting the nature of the penalty to be imposed after reexamination. Under the rules of the Civil Service Commission, the disciplinary alternatives to dismissal are suspension or reduction in rank or compensation. The commission chose not to adopt any of the alternatives available to it. Instead, after purporting to reexamine the record, it rejected the court's order outright.

■ The court had jurisdiction to hear and determine the issue raised by the petition for writ of mandate, i.e., whether the severity of the penalty imposed constituted an abuse of discretion (Code Civ. Proc., § 1094.5; 32 Cal.Jur.2d, Mandamus, § 28, p. 181 et seq.; Netterville, *Judicial Review,* 44 Cal.L.Rev. 262, 277). ■ "While mandamus will not lie to control the discretion exercised by a public officer or board [citations] it will lie to correct an abuse of discretion by such officer or board." (*Baldwin-Lima-Hamilton Corp.* v. *Superior Court,* 208 Cal.App.2d 803, 823 [25 Cal.Rptr. 798].)

■ The judgment, i.e., the first order, was an appealable order. (Code Civ. Proc., § 1094.5, subd. (f).) Time for appeal expired December 8, 1967. (Cal. Rules of Court, rule 3(a).) The commission did not appeal the first order. That order has become final and it is not within our power to reverse it, whatever our views may be as to the severity of the penalty imposed by the commission. The finality of that order is not affected by the fact that subsequent proceedings may have become necessary to enforce the order.

We turn to the commission's contention that the second order is an appealable order. Carroll contends that it is not appealable because of the rule that an order or judgment is not appealable which "leaves the [prior] judgment intact," and which neither adds to nor subtracts from the prior judgment. (*Hixson* v. *Hixson,* 146 Cal.App.2d 204 [303 P.2d 607]; see also *Spellens* v. *Spellens,* 49 Cal.2d 210, 228 [317 P.2d 613]; *Cope* v. *Cope,* 230 Cal.App.2d 218 [40 Cal.Rptr. 917].)

■ But the second order goes far beyond the first order and constitutes a major modification of that order. It does so in that it requires not only that Carroll be restored to his job with a penalty less severe than dismissal but orders restoration without penalty of any kind, i.e., with "all rights and privileges pertaining to his previous position . . . together with full back pay from March 29, 1967. . . ." The second order is, therefore, appealable under Code of Civil Procedure section 963, subdivision 2,[3] which provides that an appeal may be taken from "any special order made after final judgment."

■ The remedy in cases of refusal or neglect to obey a peremptory writ of mandate is that provided for in Code of Civil Procedure section 1097, and is in the nature of sanctions for contempt. That section provides: "When a peremptory mandate has been issued and directed to any inferior tribunal, corporation, board, or person, if it appear to the court that any member of such tribunal, corporation, or board, or such person upon whom

---

[3]Section 963 of the Code of Civil Procedure has been changed to section 904.1, operative July 1, 1970.

the writ has been personally served, has, without just excuse, refused or neglected to obey the same, the court may, upon motion, impose a fine not exceeding one thousand dollars. In case of persistence in a refusal of obedience, the court may order the party to be imprisoned until the writ is obeyed, and may make any orders necessary and proper for the complete enforcement of the writ."

The court's second order does not purport to impose a fine, imprisonment, or any other sanction upon any commissioner for having wilfully disobeyed the first order.

Instead, in directing that Carroll be restored with full back pay and all rights and privileges of his former job, and without the imposition of any penalty, the court is punishing the innocent taxpayer and not the commissioners who defied the court's order. ■ Further, that portion of the second order which directed that Carroll receive full back pay was contrary to law in that it did not provide for offsets to which the county legally may be entitled. Such offsets include, for example, (A) amounts paid by the county to or for the benefit of Carroll since his dismissal, and (B) Carroll's earnings from other employment since his dismissal. (See *State Board of Equalization* v. *Superior Court,* 20 Cal.2d 467, 475 [127 P.2d 4].)

The second order must, therefore, be reversed. The first order which became final on December 8, 1967, must be obeyed, and, pursuant thereto, Carroll must be restored to his job with whatever back pay he may legally be entitled to receive. Thereupon, the commission may, as authorized by the first order, impose a penalty less severe than dismissal.

The second order is reversed with directions.

Stone, P. J., concurred.

Gargano, J., deeming himself disqualified, did not participate.