Filed 4/12/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| COUNTY OF LOS ANGELES<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LOS ANGELES COUNTY CIVIL SERVICE COMMISSION,<br><br>        Defendant;<br><br>GREGORY MERRITT,<br><br>        Real Party in Interest and Appellant. | B275974<br><br>(Los Angeles County Super. Ct. No. BS156979) |

        PURPORTED APPEAL from an order of the Superior Court of Los Angeles County, James C. Chalfant, Judge. Dismissed.

        Rothner, Segall & Greenstone, Glenn Rothner and Jonathan Cohen for Real Party in Interest and Appellant.

        Gutierrez, Preciado & House, Calvin House; Catherine Mason Mathers, County Counsel, for Plaintiff and Respondent.

        No appearance for Defendant and Respondent.

_____

## INTRODUCTION AND SUMMARY

The County of Los Angeles fired Gregory Merritt, a supervisor in the County's Department of Children and Family Services for (1) failing to adequately supervise a social worker, Patricia Clement, and (2) approving Clement's unjustifiable closure of a case of suspected child abuse without first consulting the Department's records, as required by Department policy. Those records indicated the child – eight-year-old Gabriel Fernandez – was at risk of further abuse and that the file unquestionably should not have been closed. In May 2013, less than two months after Merritt approved closing the file, thereby ending the Department's efforts to protect the child, Gabriel's mother and her boyfriend beat the child to death.[1]

Merritt appealed his discharge to the Civil Service Commission. After taking evidence, a hearing officer found that Merritt had been negligent, but set aside the discharge, instead imposing a 10-day suspension as the only penalty. The County objected to reinstating Merritt. In response, and without reading the record or receiving any further evidence, the Commission adopted the hearing officer's negligence findings, but substituted a 30-day suspension without back pay as the penalty.

The County filed a petition for writ of administrative mandate, asking the Superior Court to overturn the Commission's decision requiring reinstatement and to instead uphold its firing of Merritt. Merritt filed a separate petition for writ of traditional mandate seeking an award of back pay. The Superior Court consolidated the two petitions.

---

[1] These events resulted in substantial media attention and criticism of the Department. Like the trial court, we use the full names of those involved because they have become part of the public domain, and because Gabriel is the victim of homicide.

On May 5, 2016, the Superior Court, having concluded the Commission set forth insufficient findings to "bridge the analytic gap"[2] between the evidence of Merritt's failings and its decision to impose a 30-day suspension rather than discharge (or any other possible penalty), partially granted the County's petition, to this extent: it remanded the matter to the Commission with instructions to set aside its decision, make appropriate findings, reconsider the penalty based on those findings, and issue a new decision that includes findings explaining its rationale. The court explicitly stated its order was interlocutory. It did not require or foreclose any particular decision by the Commission and left for future review by that court the core issue of Merritt's discharge or reinstatement. The court denied as moot Merritt's petition for an award of back pay, with the express understanding that it could be revived depending on the Commission's decision. In a colloquy with the judge, Merritt's counsel acknowledged that this interlocutory order would not be subject to appellate review. Nevertheless, Merritt appealed.

In the recent case of *Dhillon v. John Muir Health,*[3] our Supreme Court reiterated the familiar rule that "[i]n general, an adverse ruling in a judicial proceeding is appealable once the trial court renders a final judgment," (*id.* at p. 1115) and that the general rule applies equally in administrative mandate proceedings. (*Ibid.*) It eschewed a one-size-fits-all rule, however, for determining whether an order partially granting a petition for

---

[2] *Topanga Assn. for a Scenic Community v. County of Los Angeles* (1974) 11 Cal.3d 506, 515, 516; *Young v. City of Coronado* (2017) 10 Cal.App.5th 408, 420-422; *Farr v. County of Nevada* (2010) 187 Cal.App.4th 669, 686.

[3] (2017) 2 Cal.5th 1109 (*Dhillon*).

3

writ of mandate and remanding the matter to an agency or other inferior tribunal is a final judgment, and therefore appealable. Instead, it stated " ' "[a]s a general test, which must be adapted to the particular circumstances of the individual case, . . . where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory." ' " (*Ibid.*) *Dhillon* also recognized, however, that an otherwise nonfinal order remanding a matter to an administrative agency may be appealable if the order affects substantial rights and may, as a practical matter, be unreviewable after resolution of the merits of the controversy. (*Id.* at pp. 1117-1118 & fn. 4.)

Because the May 5, 2016 order from which Merritt purports to appeal left the key issues raised by the parties for future resolution by the trial court, and because the propriety of that order is an issue that could be resolved in any future appeal from a final judgment, the order is not a final judgment and is not appealable. Accordingly, we dismiss Merritt's purported appeal.

## FACTS AND PROCEDURAL BACKGROUND

1. *Events leading to Merritt's discharge.*

Gabriel's teacher first reported suspected physical abuse of Gabriel to the Department's emergency response unit in October 2012. The Department had previously received reports of abuse or neglect of other children in the home. On December 27, 2012, Merritt was asked to screen the case for family preservation. Thereafter, the Department opened a voluntary family maintenance case plan, signed by the mother on January 29, 2013. The voluntary family maintenance case plan was assigned to Patricia Clement, a social worker under Merritt's supervision.

4

After the mother refused services, Clement recommended closing Gabriel's case on March 29, 2013, which Merritt approved on April 5, 2013. The family's case was finally closed with Gabriel's sibling on April 25, 2013. About a month later, on May 22, 2013, Gabriel's mother and her boyfriend beat him severely; he died of his injuries two days later.

The Department launched an internal affairs investigation after the child's death. The investigation revealed, among other things, that Clement had failed to conduct the required assessments regarding the safety of Gabriel's home environment and his need for mental health services. For example, the case file and online records showed missed interviews with Gabriel, bodily injuries to Gabriel, that Gabriel had suicidal ideations and had allegedly been sexually abused by a relative, and the failure of the mother to cooperate. These factors should have precluded closing the case file. Yet, the case was closed.

Following the investigation, the Department decided to terminate four social workers, including Clement and Merritt. The Department discharged Merritt for his negligent supervision of Clement, citing his failure to ensure Clement: complied with continuing services case management policies; screened and assessed Gabriel and his siblings for mental health services; complied with contact and documentation requirements; properly investigated and assessed allegations of physical abuse; assessed Gabriel's mother's parental capacity; assessed an emergency response referral; and thoroughly assessed the appropriateness of terminating Gabriel's case. The Department also cited Merritt's failure to comply with its standards for supervising children's social workers, including Merritt's failure to review the paper case file and the Department's online CWS/CMS case record system before closing Gabriel's case.

2. *Proceedings before the Commission.*

Merritt appealed the discharge to the Commission and requested a hearing. The Commission's hearing officer held an evidentiary hearing, including two days of testimony, and issued written findings of fact and conclusions of law. After summarizing the witnesses' testimony and documentary evidence, the hearing officer made the following findings of fact, among others:

- Merritt "relied on . . . Patricia Clement, an experienced social worker, and she failed to perform her duties to his expectations."
- "The un-rebutted testimony demonstrates that [Merritt] asked Ms. Clement appropriate and necessary questions about the case at regular meetings between them."
- "Clement misrepresented the circumstances surrounding the services she was providing to the minor and his family and failed to accurately report said circumstances to [Merritt]."
- "Clement misrepresented facts about the minor and his family's circumstances to [Merritt] when she recommended closing the case."
- Merritt "could have been more thorough and involved in supervising . . . Clement and the case involving this minor and his family."
- "The evidence on the record is not sufficient to sustain the discharge of [Merritt]."
- "The evidence supports a ten-day suspension."

The hearing officer concluded the Department "sustained the burden of proof that [Merritt] did not provide sufficient supervision to . . . Patricia Clement," but did not sustain its "burden of proof that discharge is the appropriate level of

6

discipline," and recommended the Commission reduce Merritt's discharge to a 10-day suspension.

The Commission tentatively accepted the hearing officer's recommendation to reduce the discharge to a 10-day suspension, and the County timely filed objections in response. The Commission sustained the County's objections in part, rejected the recommended 10-day suspension, and issued a new decision reducing the discharge to a 30-day suspension with no back pay.

3. *Proceedings before the trial court.*

The County then filed a petition for writ of administrative mandamus under section 1094.5 of the Code of Civil Procedure[4] seeking an order compelling the Commission to set aside its decision to reduce Merritt's discharge to a 30-day suspension without back pay, and directing the Commission to sustain the Department's decision to discharge him. Merritt opposed the petition and filed his own petition for the issuance of a writ of traditional mandate under section 1085 to require the Commission to award him back pay. The court ordered the two petitions consolidated, with "[a]ll further documents . . . ordered to be filed under County's Petition as the lead case."

A 22-page tentative decision, issued on the morning of the hearing on the petitions, summarized the trial court's conclusions regarding the Commission's findings as follows:

---

[4] All future statutory references are to the Code of Civil Procedure unless otherwise noted.

7

"In sum, the Commission's findings concerning Merritt's general reliance on his social workers without micro-managing them, and the fact that he relied on Clement's misrepresentations, are supported. But the *reasonableness* of this reliance was a material issue. There was no testimony that Merritt was *entitled* to rely on Clement's misrepresentations and not do more. The Commission failed to make findings concerning (a) Merritt's knowledge of Clement's failings and whether this meant he should not defer to her management of Gabriel's case, (b) Merritt's duty to ensure that Clement understood the risk factors, that she complied with her duties, and that she performed her work properly, (c) his *separate duty* to review the online and paper file before closing the case, and (d) his failures to act based on his own personal knowledge. The facts concerning these issues support findings that would *undermine* the Commission's [1] implicit finding that Merritt's reliance on Clement was reasonable, and [2] its actual findings that Merritt could have been more thorough, but the evidence is insufficient to sustain his discharge.

"[¶] . . . [¶]

"The Commission's legal conclusion that the County did not prove that discharge was an appropriate penalty was based on the [implicit] finding that Merritt was entitled to rely on Clement's representations, and Merritt's lack of prior discipline in his nearly 24-year career. In light of the court's finding that the Commission's findings are not supported by substantial evidence, the Commission's conclusion about discharge is not supported by the findings." (Italics added; citations omitted.)

The court continued, "the Commission failed to provide any reasoning or analysis for its imposition of a 30-day suspension without back pay instead of firing Merritt. That is the crux of this case. The Commission's findings do not support a 30-day suspension, and the Commission must make proper findings and then reconsider the appropriate penalty."

The trial court, however, refused "to bypass the Commission and sustain the [Department]'s decision to discharge Merritt," as the County had advocated. The court reasoned it could not "conclude that the Commission reasonably can reach only a result of discharge" based on the facts before it and without additional findings from the Commission. Thus, the trial court determined "[i]t [wa]s preferable that the Commission make appropriate findings on the issues discussed [in its decision] and reconsider the penalty before any further evaluation by the court."

The trial court's tentative ruling also called for issuance of a writ "directing the Commission to set aside its decision, issue new findings concerning the issues raised [in its decision], and reconsider the penalty based on those findings." The court stated, "In issuing the writ, the court does not intrude on the Commission's discretion to conduct a *de novo* hearing, review the record independently, or remand to the Hearing Officer for new findings."

At the May 5, 2016 hearing, the trial court made clear it was not deciding whether the Commission abused its discretion: "I don't think [I] need to decide at this time the County's argument that the Commission abused its discretion by not reviewing the record or conducting a de novo hearing." The court noted, however, the County was "free to renew that argument," should the Commission simply remand the matter to the hearing officer and again impose a suspension.

9

Because the trial court remanded the matter to the Commission, it denied Merritt's petition for back pay as moot. It noted, however, the County had conceded "if the Commission's decision to suspend Merritt is upheld, the County will owe Merritt back pay from the date of its decision."

The trial court's tentative ruling also had called for entry of judgment. At the hearing, however, Merritt's counsel asked the court if it "was inclined to grant an interlocutory remand without surrendering jurisdiction that would preserve all of these issues before [*sic*] for a decision after the . . . Commission had made the further findings that Your Honor wants." When asked by the court if an interlocutory versus a final order would make a difference, Merritt's counsel responded it would be "a lot cleaner," for the matter to return to the court.

The court confirmed, "you have no appeal right when I remand; right?" Merritt's counsel agreed. The court further explained that if its order was an interlocutory remand, then "[t]here would be a return after remand to me in this case. . . . [T]hese back pay issues would remain alive if there is an interlocutory remand."

Directing its comments to Merritt's counsel, the trial court concluded, "If you want me to make it interlocutory, I will. You won't have an appeal right[], though." After conferring with Merritt, his counsel replied, "Your Honor, we would like to pursue the interlocutory version of the remand so that the fact finding could be done by the Commission while this Court retains jurisdiction over the pending and not yet mooted pending petitions."

The trial court then adopted its tentative, "except the remand is interlocutory and not a final judgment," and clarified Merritt's petition for back pay was currently moot but subject to reviver. Additionally, the court issued a minute order that

10

granted the County's petition, but "remand[ed] the matter to the [C]ommission for further proceedings as identified in the tentative ruling." The minute order reiterated the trial court's statements during the hearing that "[t]he court's ruling is an interlocutory remand to the commission."

4. *The purported appeal and related proceedings in this Court.*

Notwithstanding his counsel's concession that the May 5 order was interlocutory and nonappealable, on June 30, 2016, Merritt filed a notice of appeal from that order. A week later, Merritt filed a separate petition for writ of mandate and request for immediate stay of the May 5 order. This court granted a temporary stay pending its determination of Merritt's petition, but ultimately denied the petition summarily and lifted the stay on August 31, 2016.

During the pendency of this purported appeal, on October 5, 2016, the Commission announced its post-remand decision to discharge Merritt. On October 11, 2016, Merritt filed a petition for writ of supersedeas and request for stay of the Commission's October 5 decision. The County then filed a motion to dismiss this appeal on October 13, 2016, to which it attached, inter alia, the reporter's transcript of the trial court's May 5, 2016 hearing.

On December 8, 2016, this court denied Merritt's petition for writ of supersedeas and ruled it would defer deciding the County's motion to dismiss until such time as it considered the purported appeal on its merits.

On May 30, 2017, the County requested judicial notice of records reflecting the Commission's post-remand proceedings and trial court proceedings held after the Commission's post-remand decision, which this court granted. The County also moved to augment the record with a transcript of the audio recording of the

11

Commission's April 1, 2015 hearing, and we granted that motion also.

This court requested the parties respond by letter brief to the court's questions concerning the status, and impact, if any, of the Commission and trial court proceedings on the current purported appeal. The parties filed a joint response on February 13, 2018, including a request for judicial notice of the Commission's post-remand decision and various trial court records reflecting its proceedings held after the Commission's post-remand decision. We now grant that request for judicial notice.[5]

The records attached to the various requests for judicial notice reflect that Merritt filed a new petition for administrative mandate under section 1094.5 challenging the Commission's post-remand decision (Merritt's new petition). The trial court related Merritt's new petition to the cases consolidated under the County's petition and ordered it stayed pending resolution of this purported appeal. In their joint letter brief, the parties state the trial court deemed the matter relating to the County's petition " 'completed' because it did not envision any further proceedings on the County's writ petition," and the trial court docket reflects the case status as " 'Dismissed.' " Nothing in the record presented to this court, however, indicates that a written dismissal order, signed by the trial judge, was filed in this action. Thus, the case

---

[5]     We have not been asked to – and do not – otherwise address the Commission's October 5, 2016 post-remand decision upholding Merritt's discharge. That decision was finalized October 11, 2017.

was not dismissed and no appealable final judgment was entered.[6]

## DISCUSSION

1.    Dhillon v. John Muir Health.

After this purported appeal was filed, but before the completion of briefing, the California Supreme Court issued its decision in *Dhillon*. In *Dhillon*, our Supreme Court addressed whether a trial court's order on administrative mandamus remanding the matter for further administrative proceedings is an appealable order.[7] The Supreme Court decidedly did not undertake to answer " 'the broad question whether remands to administrative agencies are always immediately appealable.' " (*Id.* at pp. 1116.) Focusing on the specific facts before it, the Supreme Court concluded a "superior court's order partially granting [a surgeon's] writ petition was an appealable final judgment." (*Ibid.*)

*Dhillon* involved a surgeon who had clinical privileges at two hospitals.[8] After he was accused of verbal and physical abuse toward a colleague, the hospitals investigated and ordered both doctors to attend anger management classes. (*Dhillion, supra,* 2 Cal.Aapp.5th at p. 1112.) The surgeon refused to attend the classes and requested an administrative hearing when he was told he would lose his clinical privileges at the hospitals if he did not comply. (*Ibid.*) The hospitals responded by asserting he was not entitled to such a hearing. (*Ibid.*) The surgeon then sought administrative mandamus in the superior court in the form of an

---

6      Section 581d; *Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1577-1578.

7      *Dhillon, supra,* 2 Cal.5th at p. 1112.

8      *Dhillon, supra,* 2 Cal.5th at p. 1112.

order to: compel the hospitals to grant him a hearing and vacate the imposition of discipline, declare the hospitals' bylaws (to the extent they precluded a hearing) violated due process, and authorize the surgeon to file a lawsuit against the hospitals for damages. (*Id.* at pp. 1112-1113.) The trial court granted the writ petition in part and ordered the hospitals to grant the surgeon a hearing. (*Id.* at p. 1113.) The hospitals appealed; the Court of Appeal dismissed the appeal for lack of jurisdiction; and the Supreme Court reversed. (*Id.* at pp. 1113-1114, 1120.)

As noted above, the Supreme Court recognized the general rule that "a judgment is final, and therefore appealable, ' " 'when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined. ' " ' "[9] As we have said, the Supreme Court adopted " ' "[a]s a general test" ' " for finality, " ' "that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory." ' " (*Dhillon, supra,* 2 Cal.5th at p. 1115, quoting *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 698 (*Griset*).)[10]

---

[9]    *Dhillon, supra,* 2 Cal.5th at p.1115, quoting *Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 304.

[10]    The Supreme Court also reiterated its " ' "well-established policy, based upon the remedial character of the right of appeal, of according that right in doubtful cases 'when such can be accomplished without doing violence to applicable rules.' " ' [Citation.]" (*Dhillon, supra,* 2 Cal.5th at p. 1115.)

Applying these principles, the Supreme Court concluded the trial court's order was final and appealable because it granted or denied each of the surgeon's claims and "did not reserve jurisdiction to consider any issues." (*Id.* at pp. 1116-1117.) Thus, the Court reasoned, "once the trial court issued the writ, nothing remained to be done in that court; no issue [was then left for the court's ' "future consideration except the fact of compliance or noncompliance with the terms of the first decree." ' " (*Dhillon, supra,* 2 Cal.App.5th at p. 1117, quoting *Griset, supra,* 25 Cal.4th at p. 698.) The *Dhillon* court also considered the practicalities, reasoning, "the trial court's interpretation of [the hospitals'] bylaws may effectively evade review" if the hospitals did not have an immediate right of appeal. (*Dhillon,* at p. 1117.) As the Court explained, "[i]f the administrative proceedings [we]re again ultimately resolved adversely to [the surgeon], [the hospitals] would have no basis for seeking review of the decision," leaving the hospitals unable to challenge the surgeon's entitlement to a hearing. (*Id.* at pp. 1117-1118.)

2. *The trial court's order was not a final judgment.*

Considering the particular circumstances of this case as our Supreme Court has directed, we conclude the trial court's order here was not a final judgment.

First, the form of the order was most certainly interlocutory. The trial court expressly stated it was interlocutory and did not enter judgment. At the hearing on the petitions, and at Merritt's request, it instead made its order an "interlocutory remand" so that any return after remand would come to the trial

15

court, including any issues of Merritt's back pay.[11] Additionally, the trial court twice confirmed Merritt's counsel's understanding that Merritt would not have a right to appeal from the order. We are cognizant, however, that " ' "[i]t is not the form of the decree but the substance and effect of the adjudication which is determinative." ' "[12] Thus, second, and more important, the substance and effect of the trial court's order also was interlocutory. It was not a final judgment. The order did not resolve all matters leaving only the consideration of the "fact of compliance or non compliance." In contrast to *Dhillon*, where the trial court granted or denied all relief requested by the petition, here, the trial court did not.

The trial court expressly deferred its decision about whether the Commission abused its discretion, the very question posed by the County's petition. Instead, the trial court directed the Commission to make additional findings and reconsider the penalty to be imposed on Merritt based on those additional findings. The trial court was clear: without additional findings, it could not "fully evaluate the penalty that was imposed." Whereas in *Dhillon*, the lower court would have needed only to ensure the

---

[11]     Merritt contends the court's continuing jurisdiction over any revived issues of back pay is irrelevant because the back pay issues concerned Merritt's, not the County's petition. We note, however, the trial court did not maintain jurisdiction to consider only the back pay issues. During the May 5, 2016 hearing, the court and parties made clear "any return" after remand would go to the trial court. Merritt's counsel also confirmed Merritt wanted an interlocutory order "so that the fact finding could be done by the Commission while [the trial court] retains jurisdiction over the pending and not yet mooted pending petitions."

[12]     *Dhillon, supra,* 2 Cal.5th at p. 1115.

hospitals did in fact provide the surgeon a hearing – the relief the petition requested – here, the trial court retained jurisdiction to reconsider the Commission's new decision, if needed, to determine whether the Commission's post-remand findings were sufficient to support whatever penalty (if any) the Commission ultimately decided to impose.

For this reason, as a practical matter, the trial court's May 5 order would not evade appellate review even though not immediately appealable.[13] Should the trial court uphold the Commission's post-remand decision and deny Merritt's new petition, Merritt may appeal to this court from that final judgment and argue the Commission's original decision issued before the remand was proper. Until that time, however, the issue is not yet ripe for review.[14]

---

[13] See *Dhillon, supra,* 2 Cal.5th at pp. 1117-1118 & fn. 4; see also *Talmo v. Civil Service Com.* (1991) 231 Cal.App.3d 210, 224 (*Talmo*) (concluding county was not required to immediately appeal the trial court's order requiring civil service commission to set aside its decision to discharge sheriff's deputy and make new findings).

[14] Cf. *Talmo, supra,* 231 Cal.App.3d at p. 226 (finding issue of whether commission abused its discretion "now ripe for appellate review" [from trial court's order following civil service commission's post-remand decision]).

The substance of the court's order, therefore, was interlocutory because the court retained the ability to review anew the Commission's post-remand decision.[15]

Moreover, the trial court made clear its order did not "intrude on the Commission's discretion to conduct a *de novo* hearing, review the record independently, or remand to the [h]earing [o]fficer for new findings." Accordingly, after making additional findings of fact, the Commission was free to reinstate its original penalty, craft a new penalty, or sustain the Department's original discharge of Merritt.

Thus, the trial court's order is distinctly different from that in *Carroll v. Civil Service Commission*,[16] which Merritt urges this court to follow. There, the trial court explicitly ruled the firing of a civil service employee – after taking one dollar from the employees' coffee fund – was an abuse of the commission's discretion.[17] The Court of Appeal held the trial court's writ of mandate directing the commission to set aside its order and

---

[15] See *Ng. v. State Personnel Bd.* (1977) 68 Cal.App.3d 600, 603-604 (finding remand to State Personnel Board to reconsider its decision an unappealable interlocutory order because "[t]he pending mandate proceeding vested the court with continuing jurisdiction to review the personnel board's final decision rendered after compliance with the interlocutory order").

[16] (1970) 11 Cal.App.3d 727 (*Carroll*). The Supreme Court in *Dhillon* referenced *Carroll* as one in a line of cases where the Court of Appeal had stated "a trial court's order on administrative mandamus remanding the matter for further administrative proceedings is appealable," but did not resolve whether the case was correctly decided. (*Dhillon, supra,* 2 Cal.5th at p. 1114.)

[17] *Carroll, supra,* 11 Cal.App.3d at pp. 729-730.

18

redetermine a " 'fair, just and reasonable' " penalty after reexamining the evidence and record was an appealable judgment. (*Id.* at pp. 729-730, 733.)

In stark contrast to the lower court in *Carroll*, here the trial court explicitly *declined* to find the Commission abused its discretion. Indeed, the court specifically noted it could not "conclude that the Commission reasonabl[y] can reach only a result of discharge," and instead ordered the Commission to "make appropriate findings on the issues and reconsider the penalty before further evaluation of the Court." The court refused to order the Commission to sustain Merritt's discharge – or set it aside – whereas the lower court in *Carroll* mandated the commission reinstate the employee.[18]

In other words, the trial court here, "unlike the trial court in *Carroll*, . . . did not find [the commission's decision] an abuse of discretion; only that it *might* be an abuse of discretion depending on the new findings after remand."[19] Accordingly, the trial court's order was interlocutory not only in form, but also in substance.

3.      *We decline to treat Merritt's purported appeal as a petition for writ of mandate.*

We previously denied summarily Merritt's motion to stay the proceedings below, and his petition for a writ of mandate to set aside the May 5, 2016 order. Although we have discretion to treat a non-appealable order as a petition for writ of mandate in the appropriate case,[20] we decline to do so here. As we have said, the issues raised in Merritt's purported appeal still will be

---

[18]      *Carroll, supra,* 11 Cal.App.3d at p. 731.

[19]      *Talmo, supra,* 231 Cal.App.3d at p. 226.

[20]      *City of Los Angeles v. Superior Court* (2015) 234 Cal.App.4th 275, 280-281.

present and justiciable if and when we are presented with an appeal from a final judgment on the Commission's post-remand decision. At that time, when we will have a complete record to consider, Merritt may raise his argument that the trial court's May 5, 2016 order remanding the matter to the Commission for further findings was in error, and the County may argue to the contrary.

Accordingly, we dismiss Merritt's purported appeal. We recommend that the trial court defer entry of judgment on the various petitions until all the proceedings are completed.

### DISPOSITION

The appeal is dismissed.

**CERTIFIED FOR PUBLICATION**

CURREY, J.*

We concur:

LAVIN, Acting P. J.

EGERTON, J.

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.